IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JORDAN WAYNE HOLT,

        Defendant.

Case No. 21-CR-205-JFH

## OPINION AND ORDER

Before the Court is the Supplemental Motions in Limine ("Motion") filed by the United States of America ("Government"). Dkt. No. 135. The Motion asks the Court to preclude evidence of specific acts of the victim's alleged conduct for violence or access to firearms as inadmissible under Federal Rules of Evidence 403, 404, and 405. *Id.* at 1. Defendant Jordan Wayne Holt ("Defendant") filed a response in opposition, as well as a supplemental response in opposition. Dkt. Nos. 142, 143.

## BACKGROUND

The Court adopts the factual background as set forth in its Opinion and Order dated June 13, 2022 ("June 13th Order"). Dkt. No 128 at 2-10. In the June 13th Order, this Court granted the Government's original motion in limine [Dkt. No. 48] regarding specific instances of Larintino Scales' ("Scales") violent conduct, namely his history of domestic violence. Dkt. No. 128 at 16-18. The Government now seeks to preclude the introduction of specific instances regarding Scales to prove his general violent character, that he was the first aggressor, or any other character trait—including photographs of Scales in possession of firearms. Dkt. No. 135 at 7.

Copies of the photographs at issue were included as Exhibits 1 and 2 to the Government's Motion. Dkt. Nos. 135-1, 135-2. Both images were discovered on Scales cellphone and depict

him with a firearm. *Id*. Exhibit 1 is timestamped July 7, 2019, twenty-five (25) days prior to the shooting. Dkt. No. 135-1. Exhibit 2 is timestamped June 22, 2019, forty (40) days prior to the shooting. Dkt. No. 135-2.

Defendant filed his response in opposition to the Motion arguing that the photographs depicting Scales with a firearm "are offered for a proper purpose because they demonstrate that Mr. Scales had access to a gun on the day of the incident." Dkt. No. 142 at 2. Defendant further argues that the photographs demonstrate "that Scales had the motive, opportunity, and intent to use the gun" and are thereby relevant to Defendant's self-defense claim and admissible under Fed. R. Evid. 404(b)(2). *Id*. at 2-3.

Defendant's supplemental response in opposition clarified that Defendant seeks to introduce a video timestamped July 7, 2019, which shows Scales with a firearm. Dkt. No. 143 at 1. Exhibit 1 to the Government's Motion was apparently a still image taken from that video and Defendant further intends to admit an uncropped version of Exhibit 1. *Id*. Defendant stated that he also seeks to introduce a video timestamped June 22, 2019, which shows Scales with a firearm. *Id*. Exhibit 2 to the Government's Motion was apparently a still image taken from that video and Defendant further intends to admit an uncropped version of Exhibit 2. *Id*. Additionally, Defendant seeks to introduce two other videos depicting Scales with firearms: one timestamped May 25, 2019, sixty-eight (68) days prior to the shooting, and one timestamped July 5, 2019, twenty-three (23) days prior to the shooting. Dkt. No. 143 at 2. Defendant also seeks to introduce still images taken from these videos and attached as exhibits to the supplemental response. *Id*. Defendant argues that the videos and photographs depicting Scales with firearms are admissible under Fed. R. Evid. 404(b) as they are "highly probative to demonstrate that [Scales] had the motive, opportunity, and intent to have a gun on August 1, 2019." *Id*. at 3.

## AUTHORITY AND ANALYSIS

As explained in the June 13th Order, Federal Rule of Evidence 405(b) states that "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may [] be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). "[A] party may present testimony concerning specific instances of conduct only when character is in issue in the strict sense." *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992) (quotation omitted). "Character is directly in issue in the strict sense when the existence or nonexistence of the character trait itself determines the rights and liabilities of the parties." *United States v. Herder*, 59 Fed. App'x 257, 263-64 (10th Cir. 2003) (quoting *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986)). Contrastingly, "use of evidence of a victim's violent character to prove that the victim was the aggressor is circumstantial use of character evidence." *Talamante*, 981 F.2d at 1156 (citing *Perrin*, 784 F.2d at 1045 and Fed. R. Evid. 404(a)). A victim's violent character thus does not meet the Tenth Circuit's requirements for specific instance evidence under Rule 405(b). *Id.* Therefore, evidence of specific instances of Scales' violent behavior, *i.e.* previous instances of Scales with firearms, is inadmissible under Rule 404(a)(2). *See id.*

Defendant argues, however, that the videos and photographs are admissible under Fed. R. Evid. 404(b)(2) for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Dkt. No. 142 at 2 (quoting Fed. R. Evid. 404 (b)(2)); Dkt. No. 143 at 2. Specifically, Defendant states that "Scales possessing a firearm so close in time to the incident in question makes it more likely that he had access to a gun and was willing to fire it" and, therefore, demonstrates that Scales had the "motive, opportunity, and intent to use the gun." Dkt. No. 142. at 2-3. This Court disagrees.

Fed. R. Evid. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Such evidence may, however, be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). To be admitted, evidence of other crimes, wrongs, or acts "(1) must tend to establish intent, knowledge, motive, identity, or absence of mistake or accident; (2) must also be so related to the charged offense that it serves to establish intent, knowledge, motive, identity, or absence of mistake or accident; and (3) must have real probative value, not just possible worth." *Id*. Additionally, because potential prejudice is always inherent in evidence of other crimes, wrongs, or acts, the party seeking to introduce evidence under 404(b) "must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *Kendall*, 766 F.2d at 1436. "A specific articulation of the relevant purpose and specific inferences to be drawn from each proffer of evidence of other acts will enable the trial court to more accurately make an informed decision and weigh the probative value of such evidence against the risks of prejudice specified in Rule 403." *Id*. at 1436-37. "[M]erely invoking or restating Rule 404(b) will not suffice." *Id*. at 1436.

Defendant has failed to articulate with precision the evidentiary purpose of the Rule 404(b) evidence he seeks to offer. In his response and supplemental response, Defendant argues that the photographs and videos depicting Scales with various firearms are probative of the fact that Scales had the opportunity, plan, motive, and intent to access, possess, and use a firearm on the day of the shooting. Dkt. Nos. 142, 143. Defendant's mere invocation and resuscitation of Rule 404(b) will not suffice. Defendant wholly fails to articulate exactly how those inferences are drawn from the proffer of evidence. For example, Defendant does not explain how a video of Scales holding

4

a firearm demonstrates Scales had the intent, motive, or plan to use a firearm weeks later. In fact, these videos and photographs were taken weeks before the initial altercation on July 31, 2019 which put the shooting into motion. At the time the videos and photographs were created, Scales could not have possibly had the intent, motive, or plan to possess or use a firearm during the shooting at issue in this case.

Regarding opportunity, Defendant argues that the videos and photographs "demonstrate that Mr. Scales had access to a gun on the day of the incident." Dkt. No. 142. Defendant further argues that "evidence that [Scales] possessed guns on prior occasions is extremely relevant, as it tends to show that he possessed a firearm on August 1, 2019." Dkt. No. 143 at 3. However, this is too general of an inference. Neither party suggests that Scales owned the guns depicted in the videos and photographs. Just because Scales had access to firearms on various dates in May, June, and July, does not necessarily mean he had access to a firearm on August 1, 2019, the day of the shooting. Further, neither party suggests Scales discharged any of the firearms depicted in the videos and photographs, and Scales was not charged with any firearms-related offenses in connection with his possession of the firearms in these videos and photographs. For these reasons, the Court finds that the videos and photographs depicting Scales with firearms are not offered for a proper purpose under Fed. R. Evid. 404(b) and, therefore, may not be introduced as evidence in this case.

Regardless, even if offered for a proper purpose, the potential probative value does not outweigh the danger of unfair prejudice or confusion of the issues. This Court already decided in its June 13th Order that any probative value of Scales' firearms possession is substantially outweighed by confusion of the issues. "Scales is the decedent in a murder case. While Defendant is entitled to present evidence that someone other than Defendant was the first aggressor,

Defendant is not entitled to put a homicide victim on trial for specific instances of unsavory conduct in his past." Dkt. No. 128 at 17-18.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Supplemental Motions in Limine [Dkt. No. 135] is **GRANTED**.

**DATED** this 30th day of June 2022.

*[signature]*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE