## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-205-JFH |
| JORDAN WAYNE HOLT, | |
| Defendant. | |

### OPINION AND ORDER

Before the Court is the Motion in Limine ("Motion") filed by Defendant Jordan Wayne Holt ("Defendant") which seeks to preclude the Government and witnesses from using the term "victim" when referring to the decedent, Larintino Scales, during trial. Dkt. No. 160.

### BACKGROUND

Defendant is indicted on nine charges: (1) first degree murder; (2) second degree murder; (3) voluntary manslaughter; (4) use of a firearm during a crime of violence; (5) causing the death of a person in the course of using a firearm during a crime of violence regarding Larintino Scales ("Scales"); (6) assault with intent to commit murder; (7) assault with a dangerous weapon regarding Keuntray Willis ("Willis"); (8) use of a firearm during a crime of violence regarding Willis; and (9) felon in possession of a firearm. *See* Dkt. No. 96. The alleged victims in this case are Larintino Scales and Keuntray Willis. *Id*. The Court conducted a pretrial conference on June 16, 2022.

### AUTHORITY AND ANALYSIS

The Court initially notes that Defendant did not comply with the Court's scheduling order, which states one omnibus motion in limine is allowed per defendant without leave of court. Dkt.

No. 93 at 6.  Nevertheless, because the Court prefers to resolve matters on their merits, it continues to consideration of Defendant's Motion.

Defendant argues that "referring to the decedent as a 'victim' necessarily implies that a crime has occurred and that [Defendant] did not act to defend himself and/or others."  Dkt. No. 160 at 4.  Defendant does not cite any Tenth Circuit authority for his analysis; rather, he relies on a court opinion from the Central District of California and several state court cases.  *Id*. at 5-6.

The Court is not persuaded by Defendant's out-of-circuit authority.  One of the statutes under which Defendant is charged—18 U.S.C. § 113—uses the word "victim" three times in various subsections.  It is not unfairly prejudicial to use language included in the charging statute itself.  However, the Court notes that Defendant is entitled to a presumption of innocence. *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).  Thus, when referring to Larintino Scales or Keuntray Willis before the jury, the parties shall acknowledge Defendant's presumption of innocence by using the term "alleged victim" and shall instruct their witnesses to do the same.  Witnesses and counsel shall refer to Larintino Scales and Keuntray Willis as either "alleged victim" or by their respective surnames.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine [Dkt. No. 160] is **denied**.

**DATED** this 11th day of July 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE